OPINION
{¶ 1} The appellant, Terry D. Shephard, appeals from the July 12, 2004 judgment of the Common Pleas Court of Hancock County, Ohio classifying him as a sexual predator pursuant to R.C. 2950.09.
 {¶ 2} On the evening of October 19, 1985, Shephard went to the female victim's house under the guise of using the telephone to contact his father. Once inside, Shephard pretended to use the phone until he turned on the victim wielding a knife. A struggle ensued, which resulted in the victim receiving several cuts to her hand. Shephard forced the victim into an upstairs bedroom and proceeded to vaginally rape her at knife point. After Shephard was finished, he attempted to lock the victim in a bathroom while he robbed her house and escaped. After a short time, the victim was able to free herself and contact the police.
 {¶ 3} On October 28, 1985, the Hancock County Juvenile Court received four complaints alleging that Shephard was a delinquent child and charging him with two counts of armed robbery, one count of burglary, and one count of rape. The State moved to have Shephard tried as an adult, and the motion was granted.
 {¶ 4} In December 1985, a Hancock County Grand Jury indicted Shephard on four counts: two counts of aggravated robbery, in violation of R.C.2911.01, aggravated felonies of the first degree; one count of theft, in violation of R.C. 2913.02, a felony of the fourth degree; and one count of rape, in violation of R.C. 2907.02, an aggravated felony of the first degree. At his arraignment, Shephard entered written pleas of "Not Guilty" and "Not Guilty by Reason of Insanity."
 {¶ 5} The trial court ordered a psychological evaluation of Shephard to determine if he was competent to stand trial. The reports indicated that even though Shephard was seventeen years-old at the time of the offense, he did not meet the statutory requirements necessary to be found "Not Guilty by Reason of Insanity." The doctors also determined that Shephard was competent to stand trial.
 {¶ 6} In May 1986, Shephard entered a nolo contendere plea to all charges alleged in the indictment. The trial court accepted Shephard's plea, found him guilty on all four charges and ordered a pre-sentence report to be made. At sentencing, Shephard was ordered to serve a term of imprisonment of eighteen months for the theft; no less than six years and no more than twenty five years for the aggravated robbery charges; and no less than ten years and no more than twenty five years for the rape.
 {¶ 7} Shephard was released from prison in July 2003. In October 2003, Shephard appeared in court for a sex offender classification hearing pursuant to R.C. 2950.09 where the State argued that Shephard should be classified as a sexual predator. At the hearing, the court accepted eleven joint exhibits, which included an evaluation from the Court Diagnostic and Treatment Center dated May 24, 2001 by Dr. Timothy Wynkoop, neuropsychologist; the pre-sentence report; and other related documents prepared by the Hancock County Adult Probation Department. The Court also accepted a letter written by William Geiger, Shephard's counselor, dated September 10, 2003, which was submitted by Shephard without objection from the State. Furthermore, both sides offered oral arguments in support of their positions.
 {¶ 8} In its argument, the State outlined Shephard's juvenile record prior to the rape charge, which consisted of a forgery offense, an unruly offense, and a burglary offense. Moreover, the State detailed the disciplinary control sanctions imposed on Shephard while he was incarcerated. In prison, Shephard was sanctioned for possession of intoxicating substances, possession of a weapon or contraband, disrespect to staff or institutional members, and having an inappropriate sexual relationship with a prison guard. The State then asserted that while Shephard signed up for sexual offender treatment while imprisoned, he never completed a course. Next, the State affirmed the fact that even though Shephard claimed mental illness when he was convicted of the rape offense, he was never found incompetent to stand trial or "Not Guilty by Reason of Insanity." Furthermore, the State reviewed Shephard's current psychiatric evaluations and argued that, according to doctors, Shephard is at a high risk of committing a violent crime in the future and a medium risk of committing a sexual crime. Finally, the State described the facts of the rape incident and argued it was cruel.
 {¶ 9} In response, Shephard argued that while he is not currently being treated for being a sexual offender, he is seeking treatment that will assist him in his transition from incarceration to society. Shephard reminded the court that he was "wild rambunctious teenager" and "made a major error in his life" by committing the rape offense. Shepard argued that his time in prison gave him an opportunity to grow up and become a responsible adult. For example, Shephard stated that he attained his G.E.D., as well as two Bachelor of Arts and several vocational certificates. Next, Shephard noted that even though he did receive disciplinary violations while incarcerated, most of those violations occurred while he was still young. Moreover, Shephard argued that having sexual relationships with the prison guards is not predatory in nature. Finally, Shephard contended that even though he used a knife to effectuate the rape, it was not cruel. He argued that while "rape in itself is a cruel act," the use of the knife was solely to compel the woman to submit to the rape and was not meant to be cruel, humiliating, or painful.
 {¶ 10} On July 12, 2004 the Hancock County Common Pleas Court issued a written opinion that found by clear and convincing evidence that Shephard should be classified as a sexual predator. The court made the following factual determinations:
1) At the time of the offense, the offender's age was seventeen and thevictim's age was fifty-four years.
 2) At age fourteen, the Defendant was adjudicated a juvenile delinquentin the Hancock County Juvenile Court for a forgery offense and was placedon probation. At age sixteen, he was found to be an unruly child and wasplaced on probation once again. Later that same year, the Defendant'sprobation was revoked after he committed a burglary offense and he wascommitted to the Department of Youth Services.
 3) The offense did not involve multiple victims.
 4) The Defendant did not use drugs or alcohol to impair the victim toprevent her from resisting.
 5) Prior to the offense, the offender had not participated in anyavailable programming for sex offenders. It further appears that theDefendant has yet to participate in any residential sex offendertreatment program.
 6) At the time of the offense, there is no substantial evidence in therecord to find that the Defendant suffered from a mental illness ordisability, despite his claims that he suffered from "blackouts" inducedby substantial alcohol and marijuana ingestion. There were provisionaldiagnoses that perhaps the Defendant suffered from schizophrenia andmultiple personality which never were confirmed. In fact, it appears thatthe Defendant was attempting to feign illness. The Defendant's fatherindicated that he never observed the Defendant suffering from blackoutsor substantial memory lapses.
 7) It does not appear that the victim was subject to a pattern ofdemonstrated abuse, although she was cut by the Defendant's knife duringthe struggle.
 8) R.C. § 2950.09(B)(3) provides that a Court may also considerrelevant factors in rendering its decision. The State has suggestednumerous other behavioral characteristics make it likely that theDefendant will engage in further sexually oriented offenses upon hisrelease. Among those factors which the State considers relevant are thenumerous rule infractions committed by the Defendant while incarceratedfrom 1987 to 1998. No record of any rule infractions were presented tothe Court since the Defendant's incarceration at CCI . . . from March2002 to present.
 The State of Ohio also points to the clinical risk assessment of theDefendant. In the risk assessment, Chris Khellaf, Ph.D., ConsultingClinical and Forensic Psychologist, suggests that there is a likelihoodthat the Defendant will re-offend given the predatory nature of hisoriginal criminal acts together with continuation of engaging in criminalillegal activities during his incarceration. Dr. Khellaf also points toother factors usually associated with "low potential of recidivism"including growing up in a stable family environment and having asupportive family. Joint Exhibit Numbers 8 9 comprise the Defendant'sinstitutional record which substantiate the numerous rule infractions bythe Defendant early in his incarceration together with his numerouseducational accomplishments.
 Defendant's Exhibit A suggests that Terry Shephard is an active clientinvolved in counseling with Lutheran Social Services. However, theexhibit does not reference whether the counseling involves sex offendercounseling.
 In addition to the joint exhibits, the Court has also reviewed theoriginal pre-sentence investigation prepared by Probation Officer JoeThomas for the benefit of [s]entencing . . ., together with the CourtDiagnostic and Treatment Center Sex Offender Classification Evaluationconducted at the request of this Court by Timothy F. Wynkoop, Ph.D.,Consulting Neuropsychologist. The presentence investigation prepared onJuly 21, 1986, substantiates many of the other findings made by theCourt.
 Further, in Dr. Wynkoop's evaluation dated May 24, 2001, he offers theopinion that the evidence is insufficient to designate Mr. Shephard as asexual predator. Dr. Wynkoop opines that since Mr. Shephard has beenconvicted of but one sexually oriented offense, and that his otheroffenses seem to be those of a non-sexual orientation, he does not havesufficient evidence to lead him to the opinion that it is more likelythan not that Terry Shephard will re-offend sexually in the future.
 Although Dr. Wynkoop does not suggest that the Defendant be classifiedas a sexual predator, he does suggest that when he is returned to thecommunity, that he be subject to maximum community supervision in termsof intensity and duration and that he should not be discharged early fromany supervision. Dr. Wynkoop also suggests that the Defendant shouldparticipate in sex offender therapy both during his incarceration andafter his release, along with remaining abstinent from drugs andundergoing substance abuse treatment. These concerns suggest to the Courtthat the Defendant is an individual who needs to be closely monitored forfear that he might re-offend.
 {¶ 11} On August 11, 2004, Shephard appeared in court was advised of the court's rulings. This appeal followed, and Shephard asserts two assignments of error, which will be discussed together.
The lower court erred in rendering a decision which was against themanifest weight of the evidence when it classified the appellant as asexual predator.
 The lower court erred as a matter of law in rendering a decisionclassifying the appellant as a sexual predator without sufficientevidence to prove by clear and convincing evidence that the appellant isa sexual predator.
 {¶ 12} A "sexual predator" is defined by the Ohio Revised Code as the "person [who] has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented crimes."[1] R.C. 2905.01(E)(1). In making sexual predator determination, R.C. 2950.09(B)(3) states:
the judge shall consider all relevant factors, including, but notlimited to, all of the following: (a) The offender's . . . age; (b) Theoffender's prior criminal record regarding all offenses, including, butnot limited to, all sexual offenses; (c) The age of the victim of thesexually oriented offense for which sentence is to be imposed . . .; (d)Whether the sexually oriented offense for which sentence is to be imposed. . . involved multiple victims; (e) Whether the offender used drugs oralcohol to impair the victim of the sexually oriented offense . . .; (f)If the offender . . . has been convicted of . . . criminal offense,whether the offender . . . completed any sentence or dispositional orderimposed for the prior offense or act and, if the prior offense or act wasa sex offense or a sexually oriented offense, whether the offender . . .participated in available programs for sexual offenders; (g) Any mentalillness or mental disability of the offender . . .;
 (h) The nature of the offender's . . . conduct, sexual contact, orinteraction in a sexual context with the victim of the sexually orientedoffense and whether the sexual conduct, sexual contact, or interaction ina sexual context was part of a demonstrated patter of abuse; (i) Whetherthe offender . . ., during the commission of the sexually orientedoffense for which sentence is to be imposed or the order of dispositionis to be made, displayed cruelty or made one or more threats of cruelty;(j) Any additional behavioral characteristics that contribute to theoffender's . . . conduct.
R.C. 2950.09(B)(3)(a)-(j).
 {¶ 13} Additionally, "[r]igid rules generally have no place in this determination, as courts should apply the enumerated factors and consider the relevance, application, and persuasiveness of individual circumstances on a case-by-case basis." State v. Robertson, 2002-Ohio-494, ¶ 20, 147 Ohio App.3d 94, 768 N.E.2d 1207. After reviewing all the testimony and evidence presented at the sexual offender classification hearing, a trial court shall determine by clear and convincing evidence whether the offender is a sexual predator. R.C. 2950.09(B)(4). The Supreme Court of Ohio has held that
[c]lear and convincing evidence is that measure or degree of proofwhich will produce in the mind of the trier of facts a firm belief orconviction as to the allegations sought to be established. It isintermediate, being more than a mere preponderance, but not to the extentof such certainty as is required beyond a reasonable doubt as in criminalcases. It does not mean clear and unequivocal." Cross v. Ledford (1954),161 Ohio St. 469, 477, 120 N.E.2d 118 (emphasis in original), citingMerrick v. Ditzler (1915), 91 Ohio St. 256, 110 N.E. 493. Finally, a reviewing appellate court must examine the entire record to determine whether the manifest weight of the evidence standard satisfies the clear and convincing standard. State v. Schiebel (1990), 55 Ohio St.3d 71, 74,564 N.E.2d 54.
 {¶ 14} After reviewing the evidence presented in this case, we conclude that the trial court's determination that Shephard is a sexual predator pursuant to R.C. 2950.09(B)(3)(a)-(j) is not against the manifest weight of the evidence. First, even though Shephard was incarcerated for only one sexual offense, he does have an extensive juvenile history. Additionally, while serving his sentence, Shephard was sanctioned several times for rule infractions, which included inappropriate sexual relationships with a prison guard. Second, despite Shephard's eighteen years of incarceration, he failed to complete any sexual offender treatment program. Third, contrary to Shephard's argument the manner in which the rape occurred, including in particular the use of the knife, could be readily deemed as displaying cruelty. Finally, even though the report of the Court Diagnostic and Treatment Center concluded that Shephard had a "medium risk" of committing another sexual offense, the report also recommended that Shephard was at a "high risk" of committing a violent crime. Moreover, the CDTC report further recommended that Shephard be placed under maximum community supervision in terms of intensity and duration.
 {¶ 15} Based on the foregoing evidence, the trial court's determination that Shephard is a sexual predator is not against the weight of the evidence. Thus, the first and second assignments of error are overruled, and the judgment is affirmed.
Judgment Affirmed.
 Cupp, P.J., and Rogers, J., concur.
[1] In the instant case, both Shephard and the State agree that rape is a sexually oriented offense.